CAUSE NO. 366-03038-2010

| | | |
|---|---|---|
| MICHAEL AND PENNIE BEAUCHAMP, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | 366 JUDICIAL DISTRICT |
| JP MORGAN CHASE BANK, N.A. | § § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs Michael and Pennie Beauchamp file their Original Petition against Defendant JP Morgan Chase Bank, N.A. ("Chase"), as follows:

### I.

### DISCOVERY CONTROL PLAN

1. This is a Level 2 case under Texas Rule of Civil Procedure 190.

### II.

### PARTIES

2. Plaintiffs are individuals who are residents of the State of Texas, whose homestead is located in Collin County, Texas.

3. Defendant Chase is a nationally chartered banking association, as authorized by the laws of the United States of America, which may be served by and through its Registered Agent for service of process, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

### III.

### JURISDICTION AND VENUE

FILED
2010 JUL 22 AM 9:41
HANNAH HUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY _____ DEPUTY

4. This Court has jurisdiction over the parties because all are residents of, and/or

PLAINTIFFS' ORIGINAL PETITION—Page 1


EXHIBIT C-1

conduct a substantial portion of their business in Texas and the amount in controversy is within the jurisdictional limits of this Court.

5. Venue of this action is proper in Collin County, Texas pursuant to Texas Civil Practice & Remedies Code Section 15 because it relates to real property located in Collin County.

## IV.

## BACKGROUND FACTS

6. Michael and Pennie Beauchamp borrowed money from Chase through a Home Equity Line of Credit, Loan No. 415700200653, ("Loan") on or about August 11, 2005. Pursuant to the Loan, Chase placed a lien on the Borrowers' homestead, as evidenced by a Homestead Lien Contract and Deed of Trust, recorded in the Collin County Real Property Records, Volume 6006, Pages 05237-05242 (the "Second Lien"). At the time the Second Lien was placed on the homestead in 2005, a prior lien existed on the homestead securing a home equity loan that Borrowers maintained. That prior lien (the "First Lien") is recorded in the Collin County Real Property Records, Volume 05484, Pages 03805 et seq., and was recorded in 2003, i.e., prior to the time the Second Lien was placed on Borrowers' homestead.

7. The Second Lien, and the extension of credit related thereto, violates Article XVI, § 50(a)(6)(K) of the Texas Constitution. Specifically, the Second Lien was not (and is not) the only debt secured by equity in Borrowers' homestead at the time JPMorgan Chase Bank, N.A. extended credit to Borrowers through the Loan.

8. Borrowers provided Chase with written notice on December 31, 2009 of the opportunity to cure Chase's violation of Article XVI, § 50 of the Texas Constitution. Chase did not cure the constitutional violation within sixty (60) days of its receipt of the notice to cure, and has not cured its constitutional violation as of the date of this Petition. Borrowers thereby bring this suit

against Chase to remedy its violation of the Texas Constitution.

## V.

## CONSTITUTIONAL VIOLATION

9. Borrowers incorporate each of the foregoing paragraphs by reference as if fully set forth herein.

10. Chase violated Article XVI, § 50(a)(6)(K) by placing the Second Lien on Borrowers' homestead. Chase has failed to timely cure its violation of the Texas Constitution as required by Article XVI, § 50(a)(6)(Q)(x). Chase must therefore forfeit all principal and interest on the Loan, and refund all such amounts that Borrowers' previously paid, for which Borrowers hereby sue.

11. All conditions precedent have occurred, been performed, or been waived to entitle Borrowers to all of the relief sought herein.

## VI.

## DECLARATORY JUDGMENT

12. Borrowers incorporate each of the foregoing paragraphs by reference as if fully set forth herein.

13. In addition to damages set forth above, Borrowers seek a declaratory judgment pursuant to the provisions of the Texas Declaratory Judgment Act that they are no longer obligated to comply with the Loan, they are no longer obligated to remit any payments on the Loan, and that the Loan is null and void.

## VII.

## ATTORNEYS' FEES AND INTEREST

14. Borrowers have been forced to retain Nesbitt, Vassar, McCown & Roden, L.L.P. to prosecute their claims in this cause. Borrowers hereby seek to recover from Chase their reasonable

and necessary attorneys' fees incurred in the prosecution of this lawsuit.

## VIII.

## REQUEST FOR DISCLOSURE

15. Within 50 days of their receipt of service of this Original Petition, Defendant is requested to disclose the information called for in Rule 194.2 of the Texas Rules of Civil Procedure.

16. WHEREFORE, PREMISES CONSIDERED, Plaintiffs Michael and Pennie Beauchamp respectfully pray that Defendant JP Morgan Chase Bank, N.A. be cited to appear herein and, upon the trial or final hearing hereof, that Borrowers be awarded a judgment for actual damages, attorneys' fees, and pre-judgment and post-judgment interest as allowed by law, all costs of court, as well as any and all other relief, both general and special, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

NESBITT, VASSAR, MCCOWN & RODEN, L.L.P.
15851 Dallas Parkway, Suite 800
Addison, TX 75001
(972) 371-2411
Telecopier - (972) 371-2410

By: _____
James M. McCown
State Bar No. 00788002

ATTORNEYS FOR PLAINTIFFS